THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Robert Geter,       
Appellant.
 
 
 

Appeal From Richland County
Henry F. Floyd, Circuit Court Judge

Unpublished Opinion No. 2003-UP-704
Submitted September 17, 2003  Filed 
 December 3, 2003

AFFIRMED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General Deborah R. J. Shupe, and Warren Blair Giese, 
 all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Robert Geter was convicted 
 in a jury trial of first degree burglary, armed robbery, and assault and battery 
 of a high and aggravated nature.  He appeals his convictions and sentences, 
 and we affirm. [1] 
FACTS AND PROCEDURAL HISTORY
Travis Anderson had recently received 
 proceeds from a car insurance claim when Robert Geter, with whom he had recently 
 attended high school, called him.  Anderson commented that he had not heard 
 from Geter in a long time and told Geter his Dodge Neon had been totaled and 
 he was now driving a Lincoln.  Geter asked Anderson if he knew anyone who had 
 or could get marijuana.   Anderson said he did not.  
 About an hour later Geter, Poke, and 
 Arthur Lyles came to Andersons home uninvited.  Lyles stayed in the car while 
 Geter and Poke came to the door and asked for water.  Anderson believes the 
 pair briefly entered the house but because he did not want them inside, he told 
 them they could get water from a water hose on the carport.  He then closed 
 the door with them outside.  Anderson retrieved a cup and when he turned around 
 Poke and Geter had re-entered the house.  They pulled out pistols, Geter a black 
 nine millimeter, and Poke a .380 caliber, and demanded money.  Anderson had 
 some of the settlement money in his shirt pocket.  Anderson fought the men.  
 Andersons younger brother, who entered the kitchen after hearing a noise, witnessed 
 the struggle.  At one point, Poke fired his gun at Anderson, but the bullet 
 missed and shattered a glass door.  Geter and Poke took $1700, some from Andersons 
 person and some from his dresser, and left the home in the Burgundy Mercury 
 in which they had arrived.  
Anderson was hit in the mouth and on 
 the chin during the attack and required five stitches.  During an investigation 
 of the crime scene, a photograph of the back door was taken bearing what appeared 
 to be a fresh bloodstain.  Also, an officer who stopped a Burgundy Mercury Cougar 
 driven by Lyles shortly after the crimes found what appeared to be a magazine 
 from a nine millimeter pistol in the backseat and what appeared to be a fresh 
 bloodstain on the front passenger seat.  
Following the jury verdict, Geter was sentenced 
 to concurrent terms of twenty years, twenty years, and ten years on the three 
 charges.  
LAW/ANALYSIS
Geter 
 argues the trial court abused its discretion in allowing the magazine and red 
 stains into evidence.  He contends there was no connection between these items 
 and the charges against him.  We disagree.
The admission or exclusion of evidence is left 
 to the trial courts sound discretion and will not be reversed absent an abuse 
 of that discretion.  State v. Saltz, 346 S.C. 114, 121. 551 S.E.2d 
 240, 244 (2001).  Irrelevant evidence is not admissible.  Rule 402, SCRE.  Evidence 
 is relevant when it has any tendency to make the existence of any fact that 
 is of consequence to the determination of the action more probable or less probable 
 than it would be without the evidence.  Rule, 401,  SCRE.  Evidence that assists 
 in getting to the truth of an issue is deemed to be relevant and is admissible, 
 unless excluded by some legal rule.  State v. Pace, 337 S.C. 407, 415, 
 523 S.E.2d 466, 469 (Ct. App. 1999).  The stains on the door of Andersons home 
 and Lyles car seat corroborated Andersons testimony about his injuries and 
 also helped to link Geter to the car and the crime.  The pistol magazine, identified 
 by an officer as apparently belonging to a nine millimeter, also tended to support 
 Andersons claim that Geter used a nine millimeter and further linked Geter 
 to the car and the crime.  In short, the challenged evidence assisted in getting 
 to the truth of the case.  
Geter correctly points out that these items did 
 not undergo forensic, DNA, or ballistics testing.  However, the States decision 
 not to submit these items for testing goes to the evidences weight, rather 
 than its admissibility.  See State v. Beckham, 334 S.C. 302, 
 310, 513 S.E.2d 606, 610 (1999) (holding photographs showing scratches on defendants 
 back and arms relevant where a witness testified defendant ran through the woods 
 from the crime scene to his home); State v. Asbury, 328 S.C. 187, 193-94, 
 493 S.E.2d 349, 352 (1997) (holding evidence regarding appliances and severed 
 electrical cords found at defendants home were relevant in prosecution where 
 victims hands and feet were bound with cut electrical cords).
Although we believe the trial court did 
 not abuse its discretion in admitting this evidence, the evidence of guilt is 
 overwhelming.  The victim, as well as two other eyewitnesses to the crime, all 
 knew Geter before the crime and identified him as one of the two perpetrators.  
 Furthermore, the States evidence was sufficient to establish each element of 
 the crimes charged.
AFFIRMED.
 STILWELL and BEATTY, JJ., and CURETON, A.J., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.